## PALMER WOODS CO. *v.* NELSON.

1. DEEDS—BUILDING RESTRICTIONS—TWO STORIES—CONSTRUCTION.
   The restriction in a deed to a lot requiring all buildings thereon to be at least two full stories in height, construed, and *held*, to be complied with where no portion of the sides and ceiling of the second story of a contemplated residence is cut off by the roof, although the floor space of the second story does not nearly equal in area that of the first floor.

2. SAME—EIGHTEEN-FOOT STUDDING—COMPLIANCE.
   The requirement in a deed that 18-foot studding be used in the erection of two-story buildings, *held*, to be complied with where the two stories, when completed, will be equal in height to a house built with 18-foot studding, although there will be no 18-foot studding used in the outer walls.

Appeal from Wayne; Hosmer (George S.), J. Submitted April 28, 1920. (Docket No. 97.) Decided July 20, 1920.

Bill by the Palmer Woods Company and others against Walter M. Nelson to enjoin the violation of certain building restrictions. From a decree dismissing the bill, plaintiffs appeal. Affirmed.

*Race, Haas & Allen,* for plaintiffs.

*Walter M. Nelson* (*Harry L. Diehl,* of counsel), *in pro. per.*

BIRD, J. Walter M. Nelson, the defendant, purchased a lot in the Palmer Woods subdivision, in the city of Detroit, subject to many restrictions. Among them is the following:

"All buildings shall be of pressed, glazed or wire cut brick, stone or concrete over tile or metal lath for exterior construction with full basement, and shall be at least two full stories and not more than two and one-half stories in height with at least eighteen-foot studding. No buildings with flat roofs shall be erected on any lot in said subdivision."

Another restriction provides that:

"The party of the second part agrees to submit to the party of the first part, for his approval, any and all detailed plans for construction and location of any residence or garage, and all such plans must be approved by the first party, in writing, before the construction of any of said buildings can be commenced."

In pursuance of certain talk which defendant claims he had with the management of the Palmer Woods Company, he collected on the premises a considerable amount of building material preparatory to constructing his dwelling. Later when he secured the plans he submitted them to that company for approval. after an examination of the same, they were disapproved on the grounds:

(a) That they do not provide for a house with two full stories.

(b) That they do not provide for 18-foot studding.

Defendant's unwillingness to acquiesce in this conclusion moved the Palmer Woods Company and certain lot owners on the subdivision to file this bill to enjoin him from carrying his plans to completion. The chancellor refused the relief sought and they have appealed to this court.

The first story of the house which the defendant contemplates building is 64 feet long and 40 feet wide. The second story is 37 feet long and 16 feet wide. The accompanying pencil sketch shows the outline of the proposed construction.

It is the claim of plaintiffs that if the proposed house were built it would not be a two-story house because the second story is so grossly less in floor area than the first story, because none of the exterior walls of the house continue up to and support the roof of the second story, and because none of the exterior walls of the house are equal in height to the 18-foot studding.

The defendant contends that he gave the Palmer Woods Company a rough outline of the house which he proposed to build before purchasing the lot, and that it gave assent thereto and, therefore, it is now estopped from raising this question. It is further contended by defendant that the proposed house is a substantial compliance with the restriction quoted.

It is gathered from a study of the restrictions that the idea back of them was to create a class of houses on the subdivision which would be as nearly uniform in price, size, and height as was reasonable or practicable. According to the restrictions nothing less than two full stories would suffice and anything in excess of two and one-half stories would be a violation thereof. The words "two full stories" were doubtless used in contradistinction to the one and one-half story house, in which some portion of the sides and ceiling of the

second story is cut off by the roof. This view is strengthened by the fact that the words "two full stories" are used in connection with the requirements as to height, and not in connection with the width or floor area, and this view is further strengthened by the fact that the wording of the restriction gives evidence that the framers thereof had in mind "half stories" as well as "full stories." It is quite evident from this view that the words "two full stories" have reference to the space between the joists and not the space between the studding. There is no claim that the second story is not a full story as to height, neither is there any claim that any portion of the sides or ceiling of the upper rooms are cut off by the roof. Such a house would, therefore, appear to be in substantial compliance with the restriction. But it is said that the studding are not 18 feet long. It is true that there are no 18-foot studding in the outer walls, but we apprehend that this means nothing more nor less than that the two stories, when completed, shall be equal in height to a house built with 18-foot studding. It nowhere appears that the exterior wall shall be 18 feet in height.

The point is made that the area of the second story is so grossly less than the floor of the first story that it is not a two-story house. We do not think we could say, as a matter of fact, that because the second story is not more nearly equal in floor area to the first floor, that it is not a two-story house. With nearly all houses, which are concededly two-story houses, some portion of them is only one story, and this appears to be true of some of the houses already constructed on this subdivision, and which have received the approval of plaintiff. The chancellor was of the opinion that the proposed plan was a substantial compliance with the restrictions, and we are, all of us, of the opinion that he was right in so holding. With this

view it will be unnecessary to consider the questions of waiver and estoppel which have been raised.

The decree will be affirmed, with costs of this court to the defendant.

MOORE, C. J., and STEERE, BROOKE, FELLOWS, STONE, CLARK, and SHARPE, JJ., concurred.